# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31072

JUSTIN SHAWLER,

> Plaintiff - Appellant

v.

BIG VALLEY, L.L.C.,

> Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-2599

Before STEWART, Chief Judge, and HAYNES and WILLETT, Circuit Judges.

PER CURIAM:*

Justin Shawler appeals the district court's final judgment dismissing his maritime negligence claim against Big Valley, L.L.C., following an adverse jury verdict. More specifically, he challenges a pretrial order that he claims precluded him from presenting his negligence per se claim to the jury. For the reasons explained below, we AFFIRM.

Shawler was injured aboard Big Valley's boat—the Big Valley (the "BV")—during a fishing trip in which everyone aboard, including

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crewmembers, had consumed alcohol. Big Valley was created to own and operate the BV for business development and customer appreciation outings for the various subsidiaries of Big Valley's parent company, Ergon, Inc. Shawler had been invited aboard the BV as part of a customer-appreciation effort by Big Valley's sister company, Ergon Asphalt & Emulsions, Inc. ("Ergon"). On this particular trip, Ergon reimbursed Big Valley for the BV's operational expenses, including reimbursing Big Valley for the crew's wages (the "reimbursement payment") but there is no indication of any payment above such expenses.

Shawler filed suit against Big Valley for negligence and negligence per se.[1] The negligence per se claim was based on Coast Guard safety regulations that bar alcohol consumption by crewmembers on "inspected" vessels. *See* 33 C.F.R. § 95.045. In response to the district court's order for supplemental briefing on the BV's classification, Shawler suggested that the BV was operating as a small passenger vessel, which is a type of inspected vessel. *See* 46 U.S.C. § 3301(8). The district court disagreed and concluded that the BV was operating as an "uninspected vessel," rendering the Coast Guard regulations barring alcohol consumption inapplicable. *See* 46 U.S.C. § 2101(43). Shawler asserts that this ruling precluded Shawler from litigating his negligence per se claim. Shawler proceeded to litigate his remaining negligence claim; the evidence supported a conclusion that the alcohol consumed by the relevant crewmembers did not impact their conduct, and the jury returned a verdict finding that Big Valley was not negligent. The district court entered judgment dismissing Shawler's claims with prejudice, and Shawler appealed.

---

[1] Shawler's original complaint listed Ergon as a defendant. However, Ergon was subsequently dismissed from the suit, leaving Big Valley as the sole defendant.

No. 16-31072

On appeal, Shawler persists in his contention that the BV was operating as a small passenger vessel during the fishing trip, and thus he should have been permitted to pursue his negligence per se claim. The definition of "small passenger vessel" is found in 46 U.S.C. § 2101(35). Shawler argues that the BV was a small passenger vessel under subsections (35)(A) and (35)(B). However, only subsection 35(A) is properly before us because Shawler did not argue subsection 35(B) below.[2] *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.2 (5th Cir. 1996) (per curiam).

As pertinent here, subsection 35(A) defines small passenger vessel as "a vessel of less than 100 gross tons . . . carrying more than 6 passengers, including at least one passenger for hire." § 2101(35)(A). The only dispute is whether any of the BV's passengers qualified as a "passenger for hire." The term "passenger for hire" is defined, in relevant part, as "a passenger for whom consideration is contributed as a condition of carriage on the vessel." 46 U.S.C. § 2101(21a). Shawler focuses on whether the reimbursement payment qualified as "consideration." The statute defines "consideration" as "an economic benefit, inducement, right, or profit including pecuniary payment accruing to an individual, person, or entity, but not including a voluntary sharing of the actual expenses of the voyage, by monetary contribution or donation of fuel, food, beverage, or other supplies." 46 U.S.C. § 2101(5a).

Shawler argued below that the reimbursement payment qualified as consideration because it was "an economic benefit" and a "pecuniary payment." Big Valley responded that the reimbursement payment fell within the scope of § 2101(5a)'s exclusionary clause. This clause stipulates that consideration does

---

[2] The district court stated that "[n]o party argues—nor could they—that subsection (C), (B), (D), or (E) applies to the facts of this case." Although the district court briefly elaborated on subsection 35(B)'s applicability in a footnote, this was dicta and thus immaterial to its determination that only subsection (A) was in dispute. *See Schlesinger v. Herzog*, 2 F.3d 135, 142 (5th Cir. 1993).

not include "a voluntary sharing of the actual expenses of the voyage, by monetary contribution or donation of fuel, food, beverage, or other supplies." § 2101(5a).  Shawler did not take issue with this point in the district court, mentioning the exclusionary clause only in passing when directly quoting § 2101(5a).  The district court sided with Big Valley on this issue.

On appeal, Shawler primarily reurges the same argument he made before the district court.  He adds only one argument about the exclusionary clause, arguing that it does not apply to the reimbursement payment because the term "expenses of the voyage" is limited to expenses for "fuel, food, beverage, or other supplies."  We disagree.  Given the clause's use of the disjunction "or," the expenses of the voyage may take the form of either a monetary contribution towards any expenses of the voyage (including wages) *or* a donation of fuel, food, beverage, or other supplies.  Because this is Shawler's only argument challenging the district court's application of the exclusionary clause, we leave for another day and for another case the question of whether other arguments involving other language in the clause can be made under similar circumstances that would result in a different outcome.[3] *See Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 409 n.2 (5th Cir. 2014) (deeming unraised arguments about the application of a statutory exclusion clause waived); *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) ("All issues not briefed are waived.").

AFFIRMED.

---

[3] Shawler can prevail only by convincing us that the exclusionary clause does not apply.  During oral argument, his counsel told us that the exclusionary clause's applicability turns on his interpretation of "expenses."  If we agree with his interpretation, the clause does not apply, and vice versa.  We disagree with his interpretation.  Based on counsel's all-or-nothing framing, the exclusionary clause applies.  We thus see no reason to interpret the remainder of § 2101(5a), including whether Ergon's relevant payments were a "voluntary sharing" of the voyage's actual expenses.